UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDENS & AVANT, INC. and E&A NORTHEAST LIMITED PARTNERSHIP,<br><br>    Plaintiffs<br><br>v.<br><br>SINGLESOURCE ROOFING CORP.,<br><br>    Defendant | CIVIL ACTION<br>NO. 05-10340 JLT |

**THE DEFENDANT, SINGLESOURCE ROOFING CORPORATION'S ANSWER TO THE PLAINTIFFS' COMPLAINT**
<u>**AND JURY DEMAND**</u>

The defendant, SingleSource Roofing Corporation (SingleSource Roofing) hereby responds to the plaintiffs' Complaint as follows:

1-2.   SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 2 of the Complaint.

3.   SingleSource Roofing admits the allegations contained in paragraph 3 of the Complaint.

4.   SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.   SingleSource admits that it is a business that is engaged in the sale, installation and servicing of rubber membrane roof systems, including within the Commonwealth of Massachusetts. As stated, SingleSource denies the remaining allegations contained within paragraph 5 of the Complaint.

6. SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. SingleSource Roofing admits that certain Agreements were made between Edens & Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I and Acton Plaza II. Further responding, SingleSource Roofing admits that Exhibits A and B to the Complaint are documents, the contents of which, speak for themselves. Further responding, SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

8. SingleSource Roofing admits that it installed SingleSource ULTRA-NP, a membrane roofing system that uses fasteners to attach the membrane, on the buildings known as Acton Plaza I and Acton Plaza II in early 1999.

9. SingleSource Roofing admits that it installed SingleSource ULTRA-NP, a membrane roofing system that uses fasteners to attach the membrane, on the buildings known as Acton Plaza I and Acton Plaza II in early 1999 and that in excess of hundreds of fasteners were used.

10. SingleSource Roofing admits that after the completion of the roofing project on the building known as Acton Plaza I, SingleSource Roofing issued certain documents, copies of which are attached to the Complaint as Exhibits C and D, and states that the contents of said documents speak for themselves. To the extent the allegations contained in paragraph 10 of the Complaint state legal conclusions, no response is required.

2

SingleSource Roofing denies any remaining allegations contained in paragraph 10 of the Complaint.

11.     SingleSource Roofing admits that after the completion of the roofing project on the building known as Acton Plaza II, SingleSource Roofing issued certain documents, copies of which are attached to the Complaint as Exhibits E and F, and states that the contents of said documents speak for themselves. To the extent the allegations contained in paragraph 11 of the Complaint state legal conclusions, no response is required. SingleSource Roofing denies any remaining allegations contained in paragraph 11 of the Complaint.

12.     SingleSource Roofing admits that in December of 2003 there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II. To the extent the allegations contained in paragraph 12 of the Complaint state legal conclusions, no response is required. Further, to the extent the remaining allegations contained in paragraph 12 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.

13.     SingleSource Roofing admits that in December of 2003, there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II. SingleSource Roofing specifically denies that the fasteners as installed punctured the membranes. To the extent the remaining allegations contained in paragraph 13 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied. As to any remaining allegations,

SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of said allegations.

14. To the extent the allegations contained in paragraph 14 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied. SingleSource Roofing specifically denies that the fasteners as installed caused tears in the membranes. Further responding, SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint.

15. SingleSource Roofing denies that there was a failure of the membrane and fastening systems as designed and installed and therefore denies the allegations contained in paragraph 15 of the Complaint. Further responding, SingleSource Roofing specifically denies the allegations in paragraph 15 of the Complaint to the extent the allegations seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect.

16. SingleSource Roofing denies that there was a failure of the membrane and fastening systems as designed and installed and therefore denies the allegations contained in paragraph 16 of the Complaint. Further responding, SingleSource Roofing specifically denies the allegations contained in paragraph 16 of the Complaint to the extent the allegations seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect.

17. To the extent the allegations contained in paragraph 17 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource

Roofing or a product defect, those allegations are expressly denied. As to those allegations contained in paragraph 17 of the Complaint that state conclusions of law concerning jurisdiction, no response is required. Further, responding, SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

## COUNT I-BREACH OF CONTRACT
### E&A Northeast vs. SingleSource

18.  SingleSource Roofing's responses to paragraphs 1 through 17 of the Complaint are incorporated by reference as if fully set forth at length.

19.  SingleSource Roofing admits that Agreements were made between Edens & Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I and Acton Plaza II. SingleSource Roofing denies the remaining allegations contained in paragraph 19 of the Complaint.

20-22. SingleSource Roofing denies the allegations contained in paragraphs 20 through 22 of the Complaint.

## COUNT II-BREACH OF EXPRESS WARRANTY
### E&A AND E&A Northeast
### vs.
### SingleSource

23.  SingleSource Roofing's responses to paragraphs 1 through 22 of the Complaint are incorporated by reference as if fully set forth at length.

24.  SingleSource Roofing admits that certain Agreements were made between Edens & Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I

5

and Acton Plaza II but denies that the terms of said Agreements have been properly and completely stated.

25. SingleSource Roofing admits that the documents attached to the Complaint speak for themselves. To the extent the allegations contained in paragraph 25 of the Complaint express legal conclusions, no response is required. SingleSource Roofing denies any remaining allegations contained in paragraph 25 of the Complaint.

26. SingleSource Roofing admits that in December of 2003, there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II. To the extent the allegations contained in paragraph 26 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied. Further responding, to the extent the allegations contained in paragraph 26 of the Complaint seek to express or imply that the plaintiffs acted in due care, said allegations are expressly denied.

27-29. SingleSource Roofing denies the allegations contained in paragraphs 27 through 29 of the Complaint.

## COUNT III-BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## UNDER M.G.L. 106, SECTION 2-314
### E&A
### vs.
### SingleSource

30. SingleSource Roofing's responses to paragraphs 1 through 29 of the Complaint are incorporated by reference as if fully set forth at length.

31. SingleSource Roofing states that as to those allegations contained in paragraph 31 of the Complaint that state conclusions of law, no response is required. SingleSource Roofing denies the remaining allegations contained in paragraph 31 of the Complaint.

32-25. SingleSource Roofing denies the allegations contained in paragraphs 32 through 35 of the Complaint.

### COUNT IV-BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER M.G.L. 106, SECTION 2-315
**E&A Northeast**
**vs.**
**SingleSource**

36. SingleSource Roofing's responses to paragraphs 1 through 35 of the Complaint are incorporated by reference as if fully set forth at length.

37. SingleSource Roofing states that as to those allegations contained in paragraph 37 of the Complaint that state conclusions of law, no response is required. To the extent the allegations contained in paragraph 37 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied. SingleSource Roofing denies the remaining allegations contained in paragraph 37 of the Complaint.

38. SingleSource Roofing states that as to those allegations contained in paragraph 38 of the Complaint that state conclusions of law, no response is required. SingleSource Roofing denies the remaining allegations contained in paragraph 38 of the Complaint.

39. SingleSource Roofing denies the allegations contained in paragraph 39 of the Complaint.

### COUNT V-NEGLIGENCE
**E&A Northeast**
**vs.**
**SingleSource**

40. SingleSource Roofing's responses to paragraphs 1 through 39 of the Complaint are incorporated by reference as if fully set forth at length.

41-42. SingleSource Roofing denies the allegations contained in paragraphs 41 through 42 of the Complaint.

**COUNT VI-FRAUD**
**E&A and E&A Northeast**
**vs.**
**SingleSource**

43. SingleSource Roofing's responses to paragraphs 1 through 42 of the Complaint are incorporated by reference as if fully set forth at length.

44-49. SingleSource Roofing denies the allegations contained in paragraphs 44 through 49 of the Complaint.

**COUNT VII-M.G.L. 93A, SECTION 11**
**E&A and E&A Northeast**
**vs.**
**SingleSource**

50. SingleSource Roofing's responses to paragraphs 1 through 49 of the Complaint are incorporated by reference as if fully set forth at length.

51. The allegations contained in paragraph 51 of the Complaint state legal conclusions to which no response is required.

52-53. SingleSource Roofing denies the allegations contained in paragraphs 52 through 53 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against SingleSource Roofing upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against SingleSource Roofing for punitive damages and would violate SingleSource Roofing's privileges and immunities, due

process and equal protection rights guaranteed by the Constitutions of the United States and the Commonwealth of Massachusetts, and would constitute violations of both state common law and public policy, to the extent that it seeks such relief.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs are barred, in whole or in part, from recovery on any theory of negligence because their alleged injuries and losses (if any) were proximately caused by their own comparative and/or contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery because their alleged injuries and losses (if any) were caused by the acts or omissions of third-parties over whom SingleSource Roofing exercised no control and for whose conduct SingleSource Roofing bears no responsibility.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery against SingleSource Roofing because the plaintiffs' alleged damages were due to unforeseeable misuse of the product.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred and/or reduced because the plaintiffs failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

SingleSource Roofing denies any defect in the design of its product or any legal deficiency in its instruction or communications concerning the use of its product and further says that its product was sold to learned intermediaries or purchasers with learned intermediaries as advisors.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against SingleSource Roofing may be barred by the applicable statutes of limitation and/or statute of repose.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred and/or reduced by the equitable doctrine of waiver, estoppel, laches or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs' negligence claim is barred by the economic loss doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering damages for breach of implied warranties that were part of a valid disclaimer by SingleSource Roofing.

## TWELFTH AFFIRMATIVE DEFENSE

If the SingleSource Roofing products that are the subject of this litigation are defective, which SingleSource Roofing specifically denies, the plaintiffs' claims for breach of warranty are barred because the plaintiffs were aware of the alleged defect and the risk allegedly posed by it, but proceeded voluntarily and unreasonably to use the SingleSource Roofing products and by that unreasonable conduct, proximately caused their own damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' breach of warranty claims are barred because the plaintiffs failed to give SingleSource Roofing timely and reasonable notice of the alleged breach and this failure has prejudiced SingleSource Roofing.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' breach of warranty claims are barred to the extent SingleSource Roofing disclaimed all alleged warranties, express or implied.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' conduct, considered alone or in conjunction with that of others, was the sole proximate cause of their alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against SingleSource Roofing may be barred because SingleSource Roofing conformed to the state of the technical and scientific knowledge and data available in the industry.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot state a claim for breach of M.G.L. c.93A because SingleSource Roofing's actions were not unfair or deceptive and its products met or exceeded all applicable warranties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot state a claim for breach of M.G.L. c.93A to the extent it is found that the alleged unfair and deceptive acts did not occur primarily and substantially in Massachusetts.

### NINETEENTH AFFIRMATIVE DEFENSE

Even if the plaintiff could state a claim for breach of M.G.L. c.93A, which SingleSource Roofing specifically denies, SingleSource Roofing's actions were not

willful or knowing breaches and, therefore, the plaintiffs are not entitled to multiple damages.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery against SingleSource Roofing pursuant to M.G.L. c. 93A to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires of the Attorney General's authority under M.G.L. c. 93A, Section 2.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent the parties have agreed contractually that SingleSource Roofing may not be held responsible for damages of the type alleged by the plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery under G.L. c. 93A by the doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that SingleSource Roofing had any obligations to the plaintiffs, and SingleSource Roofing denies same, any such obligations have been fully, completely and properly performed in every respect, thus the plaintiffs are barred from recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim against SingleSource Roofing for the sale of goods under the Uniform Commercial Code or applicable Massachusetts statutes for which relief can be granted.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery to the extent they failed to comply with the Statute of Frauds.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the plaintiffs were provided with a contract for services, they fail to state a claim for breach of warranties against the defendant, pursuant to the Uniform Commercial Code or applicable Massachusetts statutes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' Complaint should be dismissed on the grounds that the plaintiffs altered or participated in the modification or alteration of the alleged product and caused their alleged damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims should be dismissed to the extent there has been spoliation of evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from any recovery because the plaintiffs' alleged injuries and losses were caused by the intervening and superseding acts of third persons.

## RESERVATION AND NON-WAIVER

SingleSource Roofing reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired through discovery or otherwise.

## JURY DEMAND

SingleSource Roofing demands a trial by jury on all counts so triable.

SINGLESOURCE ROOFING CORPORATION

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
James M. Campbell (BBO# 541882)
Michelle I. Schaffer (BBO# 552383)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Michelle I. Schaffer, certify that on April 15, 2005 a true copy of the above was sent by first class mail to:

Leonard H. Freiman
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333

Steven B. Silverman
Tucker Arensberg
1500 One PPG Place
Pittsburg, PA 15222

Christopher W. Cahillane
Tucker Arensberg
1500 One PPG Place
Pittsburg, PA 15222

_____
Michelle I. Schaffer