UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDENS & AVANT, INC. AND E&A NORTHEAST LIMITED PARTNERSHIP, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 05-10340-JLT |
| SINGLESOURCE ROOFING CORP., | * * | |
| Defendant. | * | |

<u>ORDER</u>

September 7, 2005

TAURO, J.

    After a conference held on September 7, 2005, this court hereby orders that:

1.     Plaintiff may depose: (1) Gary Kassem; (2) Defendant's employees involved in the sale and specifications of the two roofs in question, including (those listed in Section A of the Initial Disclosures at Nos. 10-12); (3) Defendant's employees involved in the installation of the roofs in question; (4) Defendant's employees who had communications with Plaintiffs; (5) Defendant's experts; and (6) those representatives of Defendant who inspected the roofs in question;

2.     Defendant may depose: (1) Arthur Dias; (2) Fred Ireton; (3) William Powell; (4) Ray Weston Jr.; (5) Representatives of Edens & Avant knowledgeable about and involved in such topics as the selection of the roofs on Acton Plaza I and II, the contracts related to said roofs, the condition of the roofs prior to and subsequent to the development of claimed leaking problems, the decision to hire contractors to

remove snow from the roofs and decisions about how to resolve any alleged problems in the roofs; (6) an individual referred to as "Tom" whose address and full name is currently unknown; (7) Contractors hired to do shoveling on the roofs at Acton Plaza I and II whose identities are unknown to SingleSource at this time; (8) Contractors hired to do roofing work on the roofs at Acton Plaza I and II whose identities are unknown to SingleSource at this time; (9) Unknown persons who may have knowledge about the condition of the roofs at Acton Plaza I and II prior to and subsequent to the time of the alleged leaking problems and work done to the roofs during that time frame; and (10) Any experts identified by the Plaintiff;

3. All discovery must be completed by February 28, 2006;

4. A Further Conference will be held on March 7, 2006, at 10:15 a.m.;

5. Discovery will not commence until September 28, 2005, at, or prior to which time Parties will report the progress of settlement negotiations to this court; and

6. No further discovery will be permitted without leave of this court.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge