UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDENS & AVANT, INC. and E&A NORTHEAST LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION NO. 05-10340 JLT |
| v. | ) ) | |
| SINGLESOURCE ROOFING CORP., | ) ) | |
| Defendant | ) ) | |

MEMORANDUM IN SUPPORT OF SINGLESOURCE ROOFING CORPORATION'S
MOTION (UNOPPOSED) FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

SingleSource Roofing Corporation (SingleSource) has moved, without

opposition, pursuant to Fed. R. Civ. P. 14(a) for entry of an order permitting it leave to

file a Third-Party Complaint against Eagle Rivet Roof Services Corporation (Eagle

Rivet).[1]

RELEVANT FACTS

The plaintiffs, Edens & Avant, Inc. and E&A Northeast Limited Partnership have

brought suit against SingleSource relating to roofs installed by SingleSource in March-

May 1999 at the plaintiffs' buildings, known as Acton Plaza I and II ("the Buildings").

In their Complaint, the plaintiffs allege that both of the Buildings began to experience

significant and persistent leaks in late 2003 as result of tears in the roof membranes at the

corners of many of the fasteners used to hold the roof in place. Specifically, the plaintiffs

allege that "in late 2003, only approximately four years after the installation of the

---

[1] In a conference held pursuant to L.R. 7.1 between counsel for the parties, counsel for the plaintiffs indicated that they would not be filing an opposition to this motion.

SingleSource roofing systems on the Buildings, and well within the respective warranty periods for both Buildings, both Buildings began to experience significant and persistent leaks". Complaint, paragraph 12. The plaintiffs allege that "[u]pon investigation, it was discovered that SingleSource's membranes had failed in the vicinity of the fasteners used to attach the membranes to the Buildings. Specifically, the corners of many of the fasteners had punctured the membranes, thereby permitting water to infiltrate the roofing systems." Complaint, paragraph 13. The alleged damages for which the plaintiffs seek recovery from SingleSource concern the claimed need to repair and/or replace the roofing systems and related materials. Complaint, paragraph 17. The plaintiffs allege that SingleSource failed properly to manufacture, design, specify, install and repair the roofs so that they would not leak. Complaint, paragraph 20. The plaintiffs seek recovery from SingleSource under theories of breach of contract, breach of express warranty, breach of implied warranty of merchantability under G.L. c.106, § 2-314, breach of implied warranty of fitness for a particular purpose under G.L. c. 106, § 2-315, negligence, fraud and G.L. c. 93A, § 11. Complaint, Counts I through VII. SingleSource denies the plaintiffs' allegations.

In December of 2003, the plaintiffs hired Eagle Rivet to remove snow, ice and/or water from the roofs of the plaintiffs' buildings. SingleSource contends that if damages as alleged by the plaintiffs were sustained (which SingleSource denies), said damages were caused in connection with Eagle Rivet's removal of snow, ice and/or water from the roofs of the Buildings, as Eagle Rivet caused tears and other mechanical damage to the roofs. Eagle Rivet, thus, is a joint tortfeasor pursuant to Massachusetts General Laws, Chapter 231B, § 1 for its negligence in damaging the roofs and SingleSource has a right

of action against Eagle Rivet for contribution in the event the plaintiffs should receive

any judgment against SingleSource for damages caused by Eagle Rivet's negligence.

ARGUMENT

A defendant, acting as a third-party plaintiff, may implead any non-party "who is

or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against

the third-party plaintiff." Fed. R. Civ. P. 14(a). Leave of the court is required to file a

third-party complaint more than 10 days after the prospective third-party plaintiff files its

answer to the original complaint. Id. The decision as to whether to allow impleader "is

left to the informed discretion of the district court, which should allow impleader on any

colorable claim of derivative liability that will not unduly delay or otherwise prejudice

the ongoing proceedings." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393

(1st Cir. 1999).

I.   Impleader is Proper Because SingleSource has a Viable Contribution
     Claim against Eagle Rivet

In this case, SingleSource seeks to bring a contribution claim against Eagle Rivet

for the damage it caused to the roofs during its snow removal activities. Assuming

arguendo that the plaintiffs have a claim against SingleSource, which SingleSource

specifically denies, then SingleSource would have a viable claim against Eagle Rivet for

contribution.

Massachusetts has created a right of contribution among joint tortfeasors. G.L.

c.231B, § 1(a) provides:

> [W]here two or more persons become jointly liable in tort for the same injury to
> person or property, there shall be a right of contribution among them even though
> judgment has not been recovered against all or any of them.

Eagle Rivet is a joint tortfeasor in the underlying case because it may be liable for the damages claimed by the plaintiffs related to the roofs in question. Therefore, under Chapter 231B, SingleSource has a colorable claim for contribution against Eagle Rivet if it caused the plaintiffs' damages by negligently removing snow, ice and/or water from the roofs. See e.g. Lehman, supra at 393 (impleader of third-party defendant for contribution was proper). See also Employers Insurance of Wausau v. Musick, Peeler & Garrett, 954 F.2d 575, 577 (9th Cir. 1992)("Contribution may be sought through a third-party action pursuant to Rule 14(a)"); In re One Meridian Plaza Fire Litigation, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993)("[w]here … state substantive law recognizes a right of contribution… impleader under Rule 14 is the proper procedure by which to assert such claims.").

II.    Allowing Impleader Will Not Cause Undue Delay or Prejudice

Leave to file a Third-Party Complaint against Eagle Rivet will not cause undue delay or prejudice in the litigation of the original claim by the plaintiff. The defenses which SingleSource asserts to the plaintiffs' claims and the claims which SingleSource seeks to assert in the Third-Party Complaint are intertwined and will require much of the same investigation and discovery. Moreover, since depositions have not yet commenced in this action and there is no trial date, there will be no prejudice to any party by allowing the impleader. The plaintiffs do not oppose this motion.

<u>CONCLUSION</u>

Accordingly, SingleSource respectfully requests that the Court allow its Motion to File a Third-Party Complaint against Eagle Rivet.


SINGLESOURCE ROOFING CORPORATION

By Its Attorneys

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
James M. Campbell (BBO# 541882)
Michelle I. Schaffer (BBO# 552383)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon counsel for all parties by mail on November 9, 2005.

Leonard H. Freiman
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333

Steven B. Silverman
Christopher W. Cahillane
Tucker Arensberg
1500 One PPG Place
Pittsburg, PA 15222

_____
Michelle I. Schaffer


5