UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDENS & AVANT, INC. and E&A<br>NORTHEAST LIMITED PARTNERSHIP,<br>    Plaintiffs,<br><br>v.<br><br>SINGLESOURCE ROOFING CORP.; EAGLE<br>RIVET ROOF SERVICE CORPORATION; and<br>J.P. AND SONS ROOFING, INC.<br>    Defendants.<br><br>v.<br><br>EAGLE RIVET ROOF SERVICE<br>CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C. A. No: 05-10340 JLT |

## ANSWER TO AMENDED COMPLAINT

The Defendant, Eagle Rivet Roof Service (herein "Defendant") hereby answers the Amended Complaint paragraph by paragraph as follows.

1.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph one.

2.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph two.

3.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph three.

4.    The Defendant admits the allegations contained in paragraph four.

5.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph five.

6.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph six.

7.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph seven.

8.      The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph eight.

9.      The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph nine.

10.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph ten.

11.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph eleven.

12.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twelve.

13.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirteen.

14.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fourteen.

15.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifteen.

16.     The Defendant admits the allegations contained in paragraph sixteen.

17.     The Defendant denies the allegations contained in paragraph seventeen.

18.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph eighteen.

19.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph nineteen.

20.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty.

## COUNT I- BREACH OF CONTRACT
### E&A Northeast vs. Single Source

21.     The Defendant incorporates by reference its answers to paragraphs one through twenty above.

22.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-two.

23.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-three.

24. [sic] The plaintiffs' complaint inadvertently skips paragraph twenty-four and therefore no response is given.

25.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-five.

26.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-six.

## COUNT II – BREACH OF EXPRESS WARRANTY
### E&A and E&A Northeast vs. Single Source

27.    The defendant incorporates by reference its answers to paragraphs one through twenty- six above.

28.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-eight.

29.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph twenty-nine.

30.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty.

31.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-one.

32.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-two.

33.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-three.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### UNDER M.G.L. 106, §2-314
### E&A Northeast vs. Single Source

34.    The defendant incorporates its answers to paragraphs one through thirty-three above.

35.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-five.

36.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-six.

37.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-seven.

38.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-eight.

39.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph thirty-nine.

40.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE UNDER M.G.L. 106, §2-315
### E&A Northeast vs. Single Source

41.     The defendant incorporates by reference its answers to paragraphs one through forty above.

42.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-two.

43.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-three.

44.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-four.

## COUNT V – NEGLIGENCE
### E&A Northeast vs. Single Source

45.     The defendant incorporates its answers to paragraphs one through forty-four above.

46.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-six.

47.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-seven.

## COUNT VI – FRAUD
### E&A Northeast vs. Single Source

48.     The defendant incorporates its answers to paragraphs one through forty-seven above.

49.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph forty-nine.

50.     The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty.

51.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-one.

52.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-two.

53.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-three.

54.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-four.

## COUNT VII – M.G.L. 93A, SECTION 11
### *E&A and E&A Northeast vs. Single Source*

55.    The defendant incorporates its answers to paragraphs one through 55 above.

56.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-six.

57.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-seven.

58.    The Defendant lacks sufficient information to determine the truth or falsity of the allegations contained in paragraph fifty-eight.

## COUNT VIII – NEGLIGENCE
### *E&A Northeast vs. Eagle Rivet and J.P. and Sons Roofing, Inc.*

59.    The defendant incorporates its answers to paragraphs one through fifty-nine.

60.    Eagle Rivet admits that on December 15, 2003, it was retained by Edens & Avant, Inc. to respond to leak complaints at the Acton Plaza One and Acton Plaza Two properties.  Eagle Rivet denies that Edens & Avant specifically retained Eagle Rivet to remove snow.

61.    Eagle Rivet admits that it subcontracted the work to be done at the Acton Plaza properties to J.P. and Sons.

62.    The defendant denies the allegations contained in paragraph sixty-two.

63.    The defendant denies the allegations contained in paragraph sixty-three.

64.    The defendant denies the allegations contained in paragraph sixty-four.

**WHEREFORE**, answering Defendant demands that judgment be entered in its favor with interests, fees and costs awarded to it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the defendant.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct this defendant was not and is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's alleged damages were caused in whole or in part by the negligence of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that no act or omission by the defendant was a proximate cause of damages, if any, allegedly sustained by the plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiffs are not entitled to recover because the plaintiffs failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs breached the terms and conditions of the agreement or contract alleged in the plaintiffs' complaint and that, therefore, the plaintiffs cannot recover.

## CROSS CLAIMS

Defendant Eagle Rivet Roof Service hereby cross-claims against co-defendant J.P. & Sons Roofing, Inc. as follows.

### COUNT I
(Indemnification from J.P. & Sons Roofing, Inc.)

1.    Defendant J.P. & Sons Roofing, Inc. is a Massachusetts entity with a principal place of business in the Commonwealth.

2.      Defendant and cross-claimant Eagle Rivet Roof Service is a Connecticut entity with a principal place of business in West Hartford, Connecticut.

3.      Beginning on or about December 15, 2003, Eagle Rivet Roof Service contracted with J.P. & Sons Roofing, Inc. to respond on its behalf to complaints of leaks at two shopping plazas in Acton, Massachusetts, owned by Edens & Avant.

4.      At all times material, defendant in cross-claim, J.P. & Sons Roofing, Inc. agreed to perform work at the Acton shopping plazas in a good and workmanlike manner.

5.      At all times material, defendant in counter-claim J.P. & Sons Roofing, Inc. owed a common law duty to indemnity defendant and plaintiff in counter-claim Eagle Rivet Roof Service, Inc. for any damages resulting from work that J.P. & Sons Roofing, Inc. performed on Eagle Rivet Roof Service's behalf.

6.      Should the plaintiff recover anything against Eagle Rivet Roof Service Corp., then J.P. Roofing is liable to indemnify Eagle Rivet Roof Service Inc. for any and all of said recovery.

   Wherefore, defendant/cross-claim plaintiff demands indemnity from the cross-claim defendant, plus interest and costs.

**COUNT II**
(Contribution v. J.P and Sons Roofing, Inc.)

7.      Defendant and plaintiff in cross-claim Eagle Rivet Roofing Corp. repeats and realleges the averments contained in paragraphs 1 through 5 of this Cross-claim as if set forth herein again.

8.      Should the plaintiffs recover anything against Eagle Rivet, J.P. & Sons Roofing, Inc. is liable to J.P. & Sons Roofing, Inc. in contribution since its negligence proximately resulted in plaintiffs' damages.

      Wherefore, defendant/cross-claim plaintiff demands contribution from the cross-claim defendant, plus interest and costs, pursuant to M.G.L. c.231B and/or applicable common law theories of contribution.

## JURY DEMAND

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

The Defendant,
EAGLE RIVET ROOF SERVICE
CORPORATION,
By its attorneys,


_S/Peter E. Montgomery_
Richard E. Brody, BBO#058260
Peter E. Montgomery, BBO#632698
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: May 30, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _5-30-06_