## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDENS & AVANT, INC. and E&A<br>NORTHEAST LIMITED PARTNERSHIP,<br><br>          Plaintiffs,<br><br>v.<br><br>SINGLESOURCE ROOFING CORP.,<br>EAGLE RIVET ROOF SERVICE<br>CORPORATION; and J.P. AND SONS<br>ROOFING, INC.<br><br>          Defendants,<br><br><br>v.<br><br>EAGLE RIVET ROOF SERVICE<br>CORPORATION<br><br>          Third-Party Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION<br>NO. 05-10340 JLT |

### THE DEFENDANT, SINGLESOURCE ROOFING CORPORATION'S ANSWER TO THE PLAINTIFFS' AMENDED COMPLAINT, CROSS-CLAIMS AND JURY DEMAND

The defendant, SingleSource Roofing Corporation (SingleSource Roofing) hereby responds to the plaintiffs' Amended Complaint as follows:

1-2.    SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 2 of the Amended Complaint.

3.      SingleSource Roofing admits that it is a corporation, organized and existing under

the laws of the Commonwealth of Pennsylvania but denies the remaining allegations in

paragraph 3 of the Amended Complaint.

4-5.    SingleSource Roofing lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraphs 4-5 of the Amended Complaint.

6.      SingleSource Roofing lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      SingleSource admits that it is a business that is engaged in the sale, installation

and servicing of rubber membrane roof systems, including within the Commonwealth of

Massachusetts.  As stated, SingleSource denies the remaining allegations contained

within paragraph 7 of the Amended Complaint.

8.      SingleSource Roofing lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.      SingleSource Roofing admits that certain Agreements were made between Edens

& Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership

and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I

and Acton Plaza II.  Further responding, SingleSource Roofing admits that Exhibits A

and B and C to the Amended Complaint are documents, the contents of which, speak for

themselves.  Further responding, SingleSource Roofing lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 9 of the Amended Complaint.

10.    SingleSource Roofing admits that it installed SingleSource ULTRA-NP, a membrane roofing system that uses fasteners to attach the membrane, on the buildings known as Acton Plaza I and Acton Plaza II in early 1999.

11.    SingleSource Roofing admits that it installed SingleSource ULTRA-NP, a membrane roofing system that uses fasteners to attach the membrane, on the buildings known as Acton Plaza I and Acton Plaza II in early 1999 and that in excess of hundreds of fasteners were used.

12.    SingleSource Roofing admits that after the completion of the roofing project on the building known as Acton Plaza I, SingleSource Roofing issued certain documents, copies of which are attached to the Amended Complaint as Exhibits D and E, and states that the contents of said documents speak for themselves.  To the extent the allegations contained in paragraph 12 of the Amended Complaint state legal conclusions, no response is required.  SingleSource Roofing denies any remaining allegations contained in paragraph 12 of the Amended Complaint.

13.    SingleSource Roofing admits that after the completion of the roofing project on the Ames roof at Acton Plaza II, SingleSource Roofing issued certain documents, copies of which are attached to the Complaint as Exhibits F and G, and states that the contents of said documents speak for themselves.  To the extent the allegations contained in paragraph 13 of the Amended Complaint state legal conclusions, no response is required. SingleSource Roofing denies any remaining allegations contained in paragraph 13 of the Amended Complaint.

14.    SingleSource Roofing admits that after the completion of the roofing project on the building known as Acton Plaza II, SingleSource Roofing issued certain documents,

copies of which are attached to the Complaint as Exhibits H and I, and states that the contents of said documents speak for themselves.  To the extent the allegations contained in paragraph 14 of the Amended Complaint state legal conclusions, no response is required.  SingleSource Roofing denies any remaining allegations contained in paragraph 14 of the Amended Complaint.

15.     SingleSource Roofing admits that in December of 2003 there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II.  To the extent the allegations contained in paragraph 15 of the Amended Complaint state legal conclusions, no response is required.  Further, to the extent the remaining allegations contained in paragraph 15 of the Amended Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.

16.     SingleSource Roofing admits that in December of 2003, there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II.  SingleSource Roofing specifically denies that the fasteners as installed punctured the membranes.  To the extent the remaining allegations contained in paragraph 16 of the Amended Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.  As to any remaining allegations, SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of said allegations.

17.     To the extent the allegations contained in paragraph 17 of the Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.  SingleSource

Roofing specifically denies that the fasteners as installed caused tears in the membranes. Further responding, as stated SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated contained in paragraph 17 of the Amended Complaint.

18.     SingleSource Roofing denies that there was a failure of the membrane and fastening systems as designed and installed and therefore denies the allegations contained in paragraph 18 of the Amended Complaint.  Further responding, SingleSource Roofing specifically denies the allegations in paragraph 18 of the Amended Complaint to the extent the allegations seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect.

19.     SingleSource Roofing denies that there was a failure of the membrane and fastening systems as designed and installed and therefore denies the allegations contained in paragraph 19 of the Amended Complaint.  Further responding, SingleSource Roofing specifically denies the allegations contained in paragraph 19 of the Amended Complaint to the extent the allegations seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect.

20.     To the extent the allegations contained in paragraph 20 of the Amended Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.  As to those allegations contained in paragraph 20 of the Amended Complaint that state conclusions of law concerning jurisdiction, no response is required.  Further, responding, SingleSource Roofing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Amended Complaint.

## COUNT I-BREACH OF CONTRACT
### E&A Northeast vs. SingleSource

21.     SingleSource Roofing's responses to paragraphs 1 through 20 of the Amended

Complaint are incorporated by reference as if fully set forth at length.

22.     SingleSource Roofing admits that Agreements were made between Edens &

Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership

and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I

and Acton Plaza II.  SingleSource Roofing denies the remaining allegations contained in

paragraph 22 of the Amended Complaint.

23-26.  SingleSource Roofing denies the allegations contained in paragraphs 23 through

26 of the Amended Complaint.

## COUNT II-BREACH OF EXPRESS WARRANTY
### E&A AND E&A Northeast
### vs.
### SingleSource

27.     SingleSource Roofing's responses to paragraphs 1 through 26 of the Amended

Complaint are incorporated by reference as if fully set forth at length.

28.     SingleSource Roofing admits that certain Agreements were made between Edens

& Avant Properties Limited Partnership as Agent for E&A Northeast Limited Partnership

and SingleSource Roofing Corporation concerning the buildings known as Acton Plaza I

and Acton Plaza II but denies that the terms of said Agreements have been properly and

completely stated.

29.     SingleSource Roofing admits that the documents attached to the Amended

Complaint speak for themselves.  To the extent the allegations contained in paragraph 29

of the Amended Complaint express legal conclusions, no response is required.

6

SingleSource Roofing denies any remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     SingleSource Roofing admits that in December of 2003, there were reports of leaks in the buildings known as Acton Plaza I and Acton Plaza II.  To the extent the allegations contained in paragraph 30 of the Amended Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.  Further responding, to the extent the allegations contained in paragraph 30 of the Amended Complaint seek to express or imply that the plaintiffs acted in due care, said allegations are expressly denied.

31-33.  SingleSource Roofing denies the allegations contained in paragraphs 31 through 33 of the Amended Complaint.

### COUNT III-BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### UNDER M.G.L. 106, SECTION 2-314
**E&A**
**vs.**
**SingleSource**

34.     SingleSource Roofing's responses to paragraphs 1 through 34 of the Amended Complaint are incorporated by reference as if fully set forth at length.

35.     SingleSource Roofing states that as to those allegations contained in paragraph 35 of the Amended Complaint that state conclusions of law, no response is required. SingleSource Roofing denies the remaining allegations contained in paragraph 35 of the Amended Complaint.

36-40.  SingleSource Roofing denies the allegations contained in paragraphs 36 through 40 of the Amended Complaint.

7

## COUNT IV-BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER M.G.L. 106, SECTION 2-315
**E&A Northeast**
**vs.**
**SingleSource**

41.     SingleSource Roofing's responses to paragraphs 1 through 40 of the Amended Complaint are incorporated by reference as if fully set forth at length.

42.     SingleSource Roofing states that as to those allegations contained in paragraph 42 of the Amended Complaint that state conclusions of law, no response is required.  To the extent the allegations contained in paragraph 42 of the Amended Complaint seek to express or imply negligence, breach of warranty or other wrong doing by SingleSource Roofing or a product defect, those allegations are expressly denied.    SingleSource Roofing denies the remaining allegations contained in paragraph 42 of the Amended Complaint.

43.     SingleSource Roofing states that as to those allegations contained in paragraph 43 of the Amended Complaint that state conclusions of law, no response is required. SingleSource Roofing denies the remaining allegations contained in paragraph 43 of the Amended Complaint.

44.     SingleSource Roofing denies the allegations contained in paragraph 44 of the Amended Complaint.

## COUNT V-NEGLIGENCE
**E&A Northeast**
**vs.**
**SingleSource**

45.     SingleSource Roofing's responses to paragraphs 1 through 44 of the Amended Complaint are incorporated by reference as if fully set forth at length.

46-47.  SingleSource Roofing denies the allegations contained in paragraphs 46 through
47 of the Amended Complaint.

## COUNT VI-FRAUD
### E&A and E&A Northeast
### vs.
### SingleSource

48-54.  The plaintiff has agreed to voluntarily dismiss Count VI of the Amended
Complaint; accordingly no response is required.

## COUNT VII-M.G.L. 93a, SECTION II
### E&A and E&A Northeast
### vs.
### SingleSource

55.     SingleSource Roofing's responses to paragraphs 1 through 54 of the Amended
Complaint are incorporated by reference as if fully set forth at length.

56.     The allegations contained in paragraph 56 of the Amended Complaint state legal
conclusions to which no response is required.

57-58.  SingleSource Roofing denies the allegations contained in paragraphs 57 through
58 of the Amended Complaint.

## COUNT VIII – NEGLIGENCE

### E&A Northeast
### vs.
### Eagle Rivet and J.P. and Sons Roofing, Inc.

59-64.          The allegations contained in Count VIII, paragraphs 59 through 64 are not
directed to SingleSource Roofing and, therefore, no response by SingleSource Roofing is
required to these allegations.  To the extent these paragraphs allege or intend to allege
any negligence, fault or wrongdoing by SingleSource Roofing, or product defect, the
allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state claims against SingleSource Roofing upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against SingleSource Roofing for punitive damages and would violate SingleSource Roofing's privileges and immunities, due process and equal protection rights guaranteed by the Constitutions of the United States and the Commonwealth of Massachusetts, and would constitute violations of both state common law and public policy, to the extent that it seeks such relief.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs are barred, in whole or in part, from recovery on any theory of negligence because their alleged injuries and losses (if any) were proximately caused by their own comparative and/or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery because their alleged injuries and losses (if any) were caused by the acts or omissions of third-parties over whom SingleSource Roofing exercised no control and for whose conduct SingleSource Roofing bears no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery against SingleSource Roofing because the plaintiffs' alleged damages were due to unforeseeable misuse of the product.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred and/or reduced because the plaintiffs failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

SingleSource Roofing denies any defect in the design of its product or any legal deficiency in its instruction or communications concerning the use of its product and further says that its product was sold to learned intermediaries or purchasers with learned intermediaries as advisors.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against SingleSource Roofing may be barred by the applicable statutes of limitation and/or statute of repose.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred and/or reduced by the equitable doctrine of waiver, estoppel, laches or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs' negligence claim is barred by the economic loss doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering damages for breach of implied warranties that were part of a valid disclaimer by SingleSource Roofing.

## TWELFTH AFFIRMATIVE DEFENSE

If the SingleSource Roofing products that are the subject of this litigation are defective, which SingleSource Roofing specifically denies, the plaintiffs' claims for breach of warranty are barred because the plaintiffs were aware of the alleged defect and

the risk allegedly posed by it, but proceeded voluntarily and unreasonably to use the

SingleSource Roofing products and by that unreasonable conduct, proximately caused

their own damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' breach of warranty claims are barred because the plaintiffs failed to

give SingleSource Roofing timely and reasonable notice of the alleged breach and this

failure has prejudiced SingleSource Roofing.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' breach of warranty claims are barred to the extent SingleSource

Roofing disclaimed all alleged warranties, express or implied.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' conduct, considered alone or in conjunction with that of others,

was the sole proximate cause of their alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against SingleSource Roofing may be barred

because SingleSource Roofing conformed to the state of the technical and scientific

knowledge and data available in the industry.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot state a claim for breach of M.G.L. c.93A because

SingleSource Roofing's actions were not unfair or deceptive and its products met or

exceeded all applicable warranties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot state a claim for breach of M.G.L. c.93A to the extent it is found that the alleged unfair and deceptive acts did not occur primarily and substantially in Massachusetts.

## NINETEENTH AFFIRMATIVE DEFENSE

Even if the plaintiff could state a claim for breach of M.G.L. c.93A, which SingleSource Roofing specifically denies, SingleSource Roofing's actions were not willful or knowing breaches and, therefore, the plaintiffs are not entitled to multiple damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery against SingleSource Roofing pursuant to M.G.L. c. 93A to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires of the Attorney General's authority under M.G.L. c. 93A, Section 2.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed to the extent the parties have agreed contractually that SingleSource Roofing may not be held responsible for damages of the type alleged by the plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery under G.L. c. 93A by the doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that SingleSource Roofing had any obligations to the plaintiffs, and SingleSource Roofing denies same, any such obligations have been fully, completely and properly performed in every respect, thus the plaintiffs are barred from recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim against SingleSource Roofing for the sale of goods under the Uniform Commercial Code or applicable Massachusetts statutes for which relief can be granted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery to the extent they failed to comply with the Statute of Frauds.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the plaintiffs were provided with a contract for services, they fail to state a claim for breach of warranties against the defendant, pursuant to the Uniform Commercial Code or applicable Massachusetts statutes.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' Amended Complaint should be dismissed on the grounds that the plaintiffs altered or participated in the modification or alteration of the alleged product and caused their alleged damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims should be dismissed to the extent there has been spoliation of evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from any recovery because the plaintiffs' alleged injuries and losses were caused by the intervening and superseding acts of third persons.

## RESERVATION AND NON-WAIVER

SingleSource Roofing reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired through discovery or otherwise.

## CROSS-CLAIMS AGAINST EAGLE RIVET ROOF SERVICE CORPORATION

The defendant SingleSource Roofing hereby cross-claims against co-defendant Eagle Rivet Roof Service Corporation.

## COUNT I-CONTRIBUTION

1.     Defendant Eagle Rivet Roof Service Corporation is a Connecticut entity with a principal place of business in West Hartford, Connecticut.

2.     Defendant SingleSource Roofing Corporation is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania.

3.     The Plaintiffs allege in the Amended Complaint claims against SingleSource Roofing of breach of contract, breach of express warranty, breach of implied warranty of merchantability under G.L. c.106, § 2-314, breach of implied warranty of fitness for a particular purpose under G.L. c. 106, § 2-315, negligence, fraud (voluntarily dismissed) and G.L. c. 93A, § 11 relating to roofs installed by SingleSource Roofing on two buildings known as Acton Plaza I and Acton Plaza II located in Acton, Massachusetts (the Buildings).

4.     The plaintiffs allege in said Amended Complaint that in late 2003, the Buildings began to experience significant and persistent leaks as a result of a failure in the vicinity of the fasteners used to attach roofing membrane to the Buildings.  They allege that the corners of many of the fasteners had punctured the membranes, thereby permitting water to infiltrate the roofing systems.

5.     The Plaintiffs allege in said Amended Complaint that as a result of the alleged failures of the roofs, they will be forced to incur significant damages and expenses related to the repair and/or replacement of the roofing systems on the Buildings and on related structures.

6.     In late 2003, Eagle Rivet Roof Service Corporation was hired to remove and/or move snow and/or ice and/or water from the roofs of the Buildings.  If there was damage to the roofs as alleged in the plaintiffs' Amended Complaint (which SingleSource Roofing denies), said damage was caused by the negligent acts and/or omissions of Eagle Rivet Roof Services Corporation and/or persons for whose conduct Eagle Rivet Roof Services Corporation is responsible.

7.     SingleSource Roofing, without waiving the denials or affirmative defenses set forth in its Answer, states that if the Plaintiffs suffered damages as alleged in their Amended Complaint (which SingleSource Roofing denies), SingleSource Roofing is entitled to contribution pursuant to Massachusetts General Laws, Chapter 231B, from Eagle Rivet Roof Services Corporation for any judgment entered against SingleSource Roofing in favor of the Plaintiffs.

WHEREFORE, SingleSource Roofing demands contribution from Eagle Rivet Roof Services Corporation for any judgment entered against SingleSource Roofing in favor of the Plaintiffs.

## CROSS-CLAIMS AGAINST J.P. & SONS ROOFING, INC.

### COUNT I-CONTRIBUTION

The defendant SingleSource Roofing hereby cross-claims against co-defendant J.P. & Sons Roofing, Inc.

1.      Defendant J.P. & Sons Roofing, Inc. is a Massachusetts entity with a principal place of business in Massachusetts.

2.      Defendant SingleSource Roofing Corporation is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania.

3.      The Plaintiffs allege in the Amended Complaint claims against SingleSource Roofing of breach of contract, breach of express warranty, breach of implied warranty of merchantability under G.L. c.106, § 2-314, breach of implied warranty of fitness for a particular purpose under G.L. c. 106, § 2-315, negligence, fraud (voluntarily dismissed) and G.L. c. 93A, § 11 relating to roofs installed by SingleSource Roofing on two buildings known as Acton Plaza I and Acton Plaza II located in Acton, Massachusetts (the Buildings).

4.      The plaintiffs allege in said Amended Complaint that in late 2003, the Buildings began to experience significant and persistent leaks as a result of a failure in the vicinity of the fasteners used to attach roofing membrane to the Buildings.  They allege that the corners of many of the fasteners had punctured the membranes, thereby permitting water to infiltrate the roofing systems.

17

5.      The Plaintiffs allege in said Amended Complaint that as a result of the alleged failures of the roofs, they will be forced to incur significant damages and expenses related to the repair and/or replacement of the roofing systems on the Buildings and on related structures.

6.      In late 2003, J.P. And Sons Roofing, Inc. was hired to remove and/or move snow and/or ice and/or water from the roofs of the Buildings.  If there was damage to the roofs as alleged in the plaintiffs' Amended Complaint (which SingleSource Roofing denies), said damage was caused by the negligent acts and/or omissions of J.P. And Sons Roofing, Inc. and/or persons for whose conduct J.P. And Sons Roofing, Inc. is responsible.

7.      SingleSource Roofing, without waiving the denials or affirmative defenses set forth in its Answer, states that if the Plaintiffs suffered damages as alleged in their Amended Complaint (which SingleSource Roofing denies), SingleSource Roofing is entitled to contribution pursuant to Massachusetts General Laws, Chapter 231B, from J.P. And Sons Roofing, Inc. for any judgment entered against SingleSource Roofing in favor of the Plaintiffs.

        WHEREFORE, SingleSource Roofing demands contribution from J.P. And Sons Roofing, Inc. for any judgment entered against SingleSource Roofing in favor of the Plaintiffs.

**JURY DEMAND**

SingleSource demands a trial by jury on all issues raised herein.

SINGLESOURCE ROOFING CORPORATION

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.


   /s/ Michelle I. Schaffer
James M. Campbell (BBO# 541882)
Michelle I. Schaffer (BBO# 552383)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for all parties by mail on May 31, 2006.

Leonard H. Freiman
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333

Peter Montgomery
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza
Boston, MA 02116

Steven B. Silverman
Christopher W. Cahillane
Tucker Arensberg
1500 One PPG Place
Pittsburg, PA 15222

Philip M. Hirshberg
Morrison Mahoney Miller LLP
250 Summer Street
Boston, MA 02210


   /s/ Michelle I. Schaffer
Michelle I. Schaffer