UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDENS & AVANT, INC., and E&A NORTHEAST LIMITED PARTNERSHIP,<br>    Plaintiffs,<br><br>v.<br><br>SINGLE SOURCE ROOFING CORP.; EAGLE RIVET ROOF SERVICE CORPORATION; and J.P. AND SONS ROOFING, INC.,<br>    Defendants.<br><br>v.<br><br>EAGLE RIVET ROOF SERVICE CORPORATION,<br>    Third-Party Defendant. | DOCKET NO: 05-10340 JLT |

**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND
CLAIM FOR TRIAL BY JURY OF DEFENDANT,
J.P. AND SONS ROOFING, INC.**

Now comes the defendant, J.P. and Sons Roofing, Inc. ("J.P. and Sons), and hereby responds to the plaintiff's Amended Complaint, as follows.

**FIRST DEFENSE**

The defendant, J.P. and Sons Roofing, Inc. states that the plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The defendant, J.P. and Sons Roofing, Inc., responds to the plaintiff's Amended Complaint paragraph by paragraph as follows:

1.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant admits only that J.P. and Sons Roofing, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this paragraph.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph. To the extent that the second sentence asserts that plaintiffs are entitled to damages in any amount, such allegations are denied. Regarding the allegations contained in the final two sentences of its paragraph, such allegations set forth a legal conclusion to which no response is required. To the extent that a further response is required, the defendant denies the allegations contained in this paragraph.

COUNT I – BREACH OF CONTRACT

*E&A Northeast*
*vs.*
*Single Source*

21. The defendant repeats and reaffirms its responses to paragraphs 1-20 of the Amended Complaint as if fully set forth herein.

22. The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

23. The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

25. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

26. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

COUNT II – BREACH OF EXPRESS WARRANTY

*E&A and E&A Northeast*
*vs.*
*Single Source*

27. (sic). The defendant repeats and reaffirms its responses to paragraphs 1-26 of the Amended Complaint as if fully set forth herein.

28. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

29. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

30. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

31. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

32. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

33. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
UNDER M.G.L. 106, § 2-314

*E&A Northeast*
*vs.*
*Single Source*

34. (sic).  The defendant repeats and reaffirms its responses to paragraphs 1-33 of the Amended Complaint as if fully set forth herein.

35. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

36. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

37. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

38. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

39. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

40. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

5

COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER M.G.L. 106, § 2-315

*E&A Northeast*
*vs.*
*Single Source*

41. (sic).  The defendant repeats and reaffirms its responses to paragraphs 1-40 of the Amended Complaint as if fully set forth herein.

42. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

43. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

44. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

COUNT V – NEGLIGENCE

*E&A Northeast*
*vs.*
*Single Source*

45. (sic).  The defendant repeats and reaffirms its responses to paragraphs 1-44 of the Amended Complaint as if fully set forth herein.

46. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

47. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

## COUNT VI – FRAUD

*E&A Northeast*
*vs.*
*Single Source*

48. (sic). The defendant repeats and reaffirms its responses to paragraphs 1-47 of the Amended Complaint as if fully set forth herein.

49. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

50. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

51. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

52. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

53. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

54. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

## COUNT VII – M.G.L. 93A, SECTION 11

*E&A and E&A Northeast*
*vs.*
*Single Source*

55. (sic). The defendant repeats and reaffirms its responses to paragraphs 1-54 of the Amended Complaint as if fully set forth herein.

56. (sic). The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

57. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

58. (sic).  The allegations contained in its paragraph refer to another party, and therefore no response is required of this defendant.

COUNT VIII – NEGLIGENCE

*E&A Northeast*
*vs.*
*Eagle Rivet and J.P. and Sons Roofing, Inc.*

59. (sic).  The defendant repeats and reaffirms its responses to paragraphs 1-58 of the Amended Complaint as if fully set forth herein.

60. (sic).  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61. (sic).  The defendant admits only that Eagle Rivet requested that J.P. and Sons Roofing, Inc. perform certain roof work at the Acton Plaza properties.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

62. (sic).  The defendant denies the allegations contained in this paragraph.

63. (sic).  The defendant denies the allegations contained in its paragraph, including all allegations contained in sub-paragraphs a. through g.

64. (sic).  The defendant denies the allegations contained in this paragraph.

**THIRD DEFENSE**

By way of affirmative defense, defendant J.P. and Sons states that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct defendant J.P. and Sons was not and is not legally responsible.

## FOURTH DEFENSE

By way of affirmative defense, defendant J.P. and Sons states that the Plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the Plaintiffs should be reduced in proportion to the said negligence in accordance with M.G.L., Ch. 231, § 85.

## FIFTH DEFENSE

By way of affirmative defense, defendant J.P. and Sons states that the negligence of the Plaintiffs was greater than the alleged negligence of the Defendant(s) and that such negligence contributed to the alleged injury and, therefore, the Plaintiffs are barred from recovery under M.G.L., Ch. 231, § 85.

## SIXTH DEFENSE

By way of affirmative defense, defendant J.P. and Sons states that the injuries or damage alleged were caused in whole or in part by the negligence of other parties, including the Fourth-Party Plaintiff.

## SEVENTH DEFENSE

By way of affirmative defense, defendant J.P. and Sons states that the Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against defendant J.P. and Sons and therefore cannot recover in its action.

## EIGHTH DEFENSE

By way of affirmative defense, defendant J.P. and Sons hereby incorporates all Affirmative Defenses as asserted against the plaintiff by any other party in its matter, as if fully set forth herein.

**NINTH DEFENSE**

By way of affirmative defense, defendant J.P. and Sons states that that within action is barred due to untimely notice of the claim.

**TENTH DEFENSE**

By way of affirmative defense, defendant J.P. and Sons says that that service and/or service of process was deficient.

**ELEVENTH DEFENSE**

By way of affirmative defense, defendant J.P. and Sons states that that within action is barred as there has been a spoliation of material physical evidence, to the prejudice of defendant J.P. and Sons.

WHEREFORE, the defendant, J.P. and Sons Roofing, Inc., hereby requests that the Amended Complaint be dismissed with prejudice and judgment enter in the favor of the defendant, J.P. and Sons, Roofing, Inc., with costs, attorney's fees, and disbursements of its action.

**JURY DEMAND**

The Defendant J.P. and Sons Roofing, Inc. hereby demands a Trial by Jury as to all claims triable to a jury.

Respectfully submitted,
The defendant,
J.P. and Sons Roofing, Inc.,
By its attorneys,

*/s/ Philip M. Hirshberg*
_____
Thomas C. Federico, BBO #160830
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document has been electronically filed, and served upon all counsel of record in compliance with the Fed. R. Civ. P. this 12th day of June, 2006.

*/s/ Philip M. Hirshberg*
_____
Philip M. Hirshberg