UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDENS & AVANT, INC., and E&A NORTHEAST LIMITED PARTNERSHIP,<br>    Plaintiffs,<br><br>v.<br><br>SINGLE SOURCE ROOFING CORP.; EAGLE RIVET ROOF SERVICE CORPORATION; and J.P. AND SONS ROOFING, INC.,<br>    Defendants.<br><br>v.<br><br>EAGLE RIVET ROOF SERVICE CORPORATION,<br>    Third-Party Defendant. | DOCKET NO: 05-10340 JLT |

**ANSWER OF DEFENDANT, J.P. AND SONS ROOFING, INC., TO CROSS-CLAIM OF DEFENDANT/PLAINTIFF-IN-CROSS-CLAIM, <u>EAGLE RIVET ROOF SERVICE CORPORATION</u>**

Now comes the defendant, J.P. and Sons Roofing, Inc., and hereby responds to the Cross-Claim of Defendant/Plaintiff-in-Cross-Claim, Eagle Rivet Roof Service Corporation, as follows.

**<u>FIRST DEFENSE</u>**

The defendant, J.P. and Sons Roofing, Inc. states that the Cross-Claim of Defendant/Plaintiff-in-Cross-Claim, Eagle Rivet Roof Service Corporation, fails to state a cause of action upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

The defendant, J.P. and Sons Roofing, Inc., responds to the Cross-Claim of Defendant/Plaintiff-in-Cross-Claim, Eagle Rivet Roof Service Corporation, paragraph by paragraph as follows:

1006428v1

## COUNT I
## (Indemnification from J.P. & Sons Roofing, Inc.)

1. The defendant admits the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant admits only that in December 2003 it provided services at the shopping plazas in Acton, Massachusetts at the request of Eagle Rivet Roof Service Corporation. The defendant denies the remaining allegation in this paragraph.

4. The defendant denies that there was any written contract between the parties, and therefore denies the allegations in this paragraph. The defendant further states that the allegations in this paragraph set forth a legal conclusion to which no responsive pleading is required.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

## COUNT II
## (Contribution v. J.P. and Sons Roofing, Inc.)

7. The defendant repeats and reaffirms his responses to paragraphs 1-6 of the Cross-Claim of Defendant/Plaintiff-in-Cross-Claim, Eagle Rivet Roof Service Corporation as if fully set forth herein.

8. The defendant denies the allegations contained in this paragraph.

## THIRD DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that if the Plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct Defendant, J.P. and Sons Roofing, Inc., was not and is not legally responsible.

1006428v1

## FOURTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that the Plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the Plaintiffs should be reduced in proportion to the said negligence in accordance with M.G.L., Ch. 231, § 85.

## FIFTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that the negligence of the Plaintiffs was greater than the alleged negligence of the Defendant(s) and that such negligence contributed to the alleged injury and, therefore, the Plaintiffs are barred from recovery under M.G.L., Ch. 231, § 85.

## SIXTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that the injuries or damage alleged were caused in whole or in part by the negligence of other parties.

## SEVENTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that the Defendant/Plaintiff-in-Cross-Claim, by its conduct and actions and/or by the conduct and actions of its agents and servants, has waived any and all rights they may have had against Defendant, J.P. and Sons Roofing, Inc., and therefore cannot recover in this action.

## EIGHTH DEFENSE

Defendant, J.P. and Sons Roofing, Inc., hereby incorporates all Affirmative Defenses as asserted against the Plaintiffs by any other party in this matter, as if fully set forth herein.

### NINTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that that within action is barred due to untimely notice of the claim.

### TENTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that that within action is barred as the Plaintiffs have no right to recovery against the Defendant or the Defendant/Plaintiff-in-Cross-Claim.

### ELEVENTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that that within action is barred as there has been a spoliation of material physical evidence, to the prejudice of Defendant, J.P. and Sons Roofing, Inc.

### TWELFTH DEFENSE

By way of affirmative defense, Defendant, J.P. and Sons Roofing, Inc., states that the within action is barred by the economic loss doctrine.

**WHEREFORE,** the Defendant, J.P. and Sons Roofing, Inc., hereby requests that the Cross-Claim of Defendant/Plaintiff-in-Cross-Claim, be dismissed with prejudice and judgment enter in the favor of the Defendant, J.P. and Sons Roofing, Inc., with costs, attorney's fees, and disbursements of this action.

### JURY DEMAND

The Defendant J.P. and Sons Roofing, Inc. hereby demands a Trial by Jury as to all claims triable to a jury.

1006428v1

Respectfully submitted,
The defendant,
J.P. and Sons Roofing, Inc.,
By its attorneys,

*/s/ Philip M. Hirshberg*

_____
Thomas C. Federico, BBO #160830
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500


CERTIFICATE OF SERVICE

I hereby certify that this document has been electronically filed, and served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 12th day of June, 2006.

*/s/ Philip M. Hirshberg*

_____
Philip M. Hirshberg

5